## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| IN RE: | § | **CHAPTER 11** |
| | § | |
| **JA-CO FOODS, INC.** | § | **CASE NO. 09-16017-DWH** |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR IN THE ALTERNATIVE ADEQUATE PROTECTION BY BANK OF VERNON.

COMES NOW Bank of Vernon (hereinafter "Bank"), a secured creditor, and moves this Court to grant relief from the automatic stay pursuant to 11 U.S.C. §362 to allow Bank to foreclose upon real property upon which Bank has been granted a first priority deed of trust owned by Ernest L. Jacobsen and Donna Jacobsen as accommodation parties for Debtor and repossess and liquidate personal property upon which Bank has been granted a first priority security interest owned by JA-CO Foods, Inc. (hereinafter "Debtor"), security interest, or, in the alternative, for adequate protection pursuant to 11 U.S.C. §361, and in support of the motion states as follows:

### JURISDICTION

1.  This Court has jurisdiction over this proceeding pursuant to Title 28 U.S.C. §157(b)(2)(G) and 11 U.S.C. §361 and 11 U.S.C. §362. This is a core proceeding.

2.  Bank of Vernon is an Alabama banking corporation with its principal offices in Vernon, Alabama.

3.  Debtor is a Mississippi business corporation with its principal offices in Columbus, Mississippi.

4.     Ernest L. Jacobsen and Donna Jacobsen are individuals residing in Columbus, Mississippi who have also filed a bankruptcy in the United States Bankruptcy Court for the Northern District of Mississippi in Case No. 09-15667-DWH.

## PROCEDURAL HISTORY

5.     On November 16, 2009, Debtor filed a Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §101, et seq.

6.     The Debtor is currently managing its affairs as a Debtor-in-Possession pursuant to 11 U.S.C. §§1107 and 1108.  No trustee or examiner has been appointed in the Debtor's case at this time.

7.     No unsecured creditors committee has been appointed in the case at this time.

8.     The first meeting of creditors was held, pursuant to 11 U.S.C. §341 on December 14, 2009.

## NOTE 0779

9.     On or about April 3, 2008, Debtor executed a renewal note to Bank (hereinafter "Note 0779") in the original principal amount of Six Hundred Two Thousand Fifty-seven and 16/100 Dollars ($602,057.16) plus interest accruing at a fixed rate of seven percent (7%) with a maturity date of April 3, 2013, at which time the outstanding principal balance and accrued interest, fees and late charges would become due and payable.  Bank Proof of Claim 1 of 3 designated Claim Number 32 in this proceeding in the amount of Three Hundred Thousand Three Hundred Nineteen and 09/100 Dollars ($300,319.09) evidences said indebtedness and the related loan documents and is incorporated herein by reference.  A true and correct copy of Note 0779 is attached to said Proof of Claim.

10.     Debtor has failed to make the required monthly payments under the terms of Note 0799.  As of November 16, 2009, the outstanding balance of Note 0779 was Three Hundred

Thousand Three Hundred Nineteen and 09/100 Dollars ($300,319.09), as reflected in the affidavit attached to said Proof of Claim.

11.    Note 0779 is secured by a first priority security interest in equipment described in the Exhibit "A" attached to the Security Agreement and is further secured by Bank Certificate of Deposit 60718 in the original principal amount of Three Hundred Twenty-nine Three Hundred Nine and 00/100 Dollars ($329,309.00) (hereinafter "Collateral"). True and correct copies of said security agreement, financing statement and assignment regarding the same are attached to said Proof of Claim.

12.    Bank estimates that a liquidation value related to the personal property securing Note 0779 excluding Certificate of Deposit 60718 is equal to approximately Twenty-five Thousand and 00/100 Dollars ($25,000.00).

13.    Note 0779 is cross-collateralized with Note 5888 and 5889 as subsequently discussed herein.

### NOTE 5888

14.    On or about January 24, 2008, Debtor executed a renewal note to Bank (hereinafter "Note 5888") in the original principal amount of One Hundred Twenty-two Thousand Seven Hundred Seventy-eight and 89/100 Dollars ($122,778.89) plus interest accruing at a variable rate of Wall Street Prime plus one percent (1%) adjusted daily, which rate is currently four and one-quarter percent (4.25%), with a maturity date of January 23, 2015, at which time the outstanding principal and accrued interest, fees and late charges would become due and payable. Bank Proof of Claim 2 of 3 designated Claim Number 33 in this proceeding in the amount of Ninety-seven Thousand Nine Hundred Twenty-three and 68/100 Dollars ($97,923.68) evidences said indebtedness and the related loan documents and is incorporated herein by reference. A true and correct copy of Note 5888 is attached to said Proof of Claim.

Debtor has failed to make the required monthly payments under the terms of Note 5888. As of November 16, 2009, the outstanding balance of Note 5888 was Ninety-seven Thousand Nine Hundred Twenty-three and 68/100 Dollars ($97,923.68), as reflected in the affidavit attached to said Proof of Claim.

15.    Note 5888 is secured by a first priority security interest in certain equipment of the Debtor described in the Exhibit "A" to the security agreement, a true and correct copy of which is attached to said Proof of Claim. Bank estimates the equipment pledged as collateral for Note 5888 to have a current liquidation value of Twenty-five Thousand and 00/00 Dollars ($25,000.00).

16.    Said Note is cross-collateralized with Note Nos. 5888 and 5889.

### NOTE 5889

17.    On or about October 31, 2008, Debtor executed a renewal note to Bank (hereinafter "Note 5889") in the original principal amount of Forty-two Thousand Six Hundred Six and 56/100 Dollars ($42,606.56) plus interest accruing at a fixed rate of seven and one-half percent (7.5%) with a maturity date of October 30, 2010 at which time the outstanding principal and accrued interest fees and late charges became due and payable. Bank Proof of Claim 3 of 3 designated Claim Number 34 in this proceeding in the amount of Twenty-six Thousand Three Forty-six and 07/100 Dollars ($26,346.07) evidences said indebtedness and the related loan documents and is incorporated herein by reference. A true and correct coy of Note 5889 is attached to said Proof of Claim as Exhibit "A."

18.    Debtor has failed to make the required monthly payments under the terms of Note 5889. As of November 16, 2009, the outstanding balance of Note 5889 was Twenty-six Thousand Three Forty-six and 07/100 Dollars ($26,346.07), as reflected in the affidavit attached to said Proof of Claim.

19.    Note 5889 is secured by a first priority accommodation mortgage from Ernest L. Jacobsen and Donna Jacobsen on real property located in Lamar County, Alabama containing .61 acres more or less (hereinafter "Real Property"). A true and correct copy of said mortgage is attached to said Proof of Claim.

20.    On or about May 14, 2008, Bank obtained an appraisal on the Real Property from Reabon Walker, a true and correct copy of which is attached hereto and incorporated herein as Exhibit "A." According to said appraisal, the fair market value of the Real Property as of said date was Thirty-six Thousand Six Hundred and 00/100 Dollars ($36,600.00). However, due to the current economic conditions, the Bank estimates the current value of the Real Property to be approximately Twenty-five Thousand and 00/100 Dollars ($25,000.00).

## RELIEF REQUESTED

21.    The real and personal property pledged to Bank as security for Note 5888, Note 5889 and Note 0779 ("Collateral") are subject to cross-collateralization provisions.

22.    As of the petition date, the total amount of indebtedness due Bank was Four Hundred Twenty-four Thousand Eight-eight and 84/100 Dollars ($424,088.84).

23.    Upon information and belief, the total value of the Collateral pledged for all three (3) loans is Four Hundred Four Thousand Three Hundred Nine and 09/100 Dollars ($404,309.09).

24.    Accordingly, there is no equity in the Collateral for the benefit of the estate of the Debtor and retention of the same is burdensome for the Debtor.

25.    The retention of the Collateral is not necessary for the successful and reorganization of the Debtor.

26.    Debtor's has defaulted on payments on obligations to Bank and to provide Bank with adequate protection payments pursuant to 11 U.S.C. §361.

5

27.     Unless Bank is granted relief from the automatic stay so as to permit recovery of the personal property, allow foreclosure of the Bank's mortgage upon Real Property and offset against the Certificate of Deposit or, in the alternative, receives adequate protection payments in the amount of Eight Thousand Five Hundred and 00/100 Dollars ($8,500.00) per month beginning immediately, Bank will suffer irreparable harm and injury.

WHEREFORE, Bank moves this Honorable Court to enter an order granting to Bank relief under 11 U.S.C. §362 of the Bankruptcy Code so as to permit Bank to foreclose upon the Real Property securing its claims, in accordance with its mortgage and repossess and sell the personal property securing its claims as well as offset against the Certificate of Deposit securing its claims, and thereafter amend its claims for any deficiency balance which may thereafter remain, and in the alternative, enter an order for adequate protection under 11 U.S.C. §361 requiring the Debtor to immediately remit monthly adequate protection payments to Bank in the amount of Eight Thousand Five Hundred and 00/100 Dollars ($8,500.00) and grant such other and further relief to the Bank which Bank may be entitled.

_/s/ Justin B. Little_____
Justin B. Little
Attorney for Bank of Vernon
MS Code No. 102038

OF COUNSEL:
REYNOLDS, REYNOLDS & DUNCAN, LLC
Post Office Box 2863
Tuscaloosa, Alabama 35403
Telephone: 205-391-0073
Facsimile: 205-391-0911
Email: jlittle@rrdlaw.com
Our File No. 31.0408

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for Relief from the Automatic Stay or in the Alternative Adequate Protection by Bank of Vernon has been served upon the following electronically and/or by first class United States mail, property addressed with postage prepaid on February 15, 2010:

Craig M. Geno, Esq.                    Melanie T. Vardaman, Esq.
HARRIS, JERNIGAN & GENO, PLLC          HARRIS, JERNIGAN & GENL, LLC
Post Office Box 3380                   Post Office Box 3380
Ridgeland, Mississippi 39158-3380      Ridgeland, Mississippi 39158-3380

U.S. Trustee
100 West Capitol Street, Suite 706
Jackson, Mississippi 39269


                                    /s/ Justin B. Little
                                    Justin B. Little
                                    Of Counsel for Bank of Vernon


MFRFS.31.0408.doc

# EXHIBITS

5889




EXHIBIT
A

# LAND APPRAISAL REPORT

Borrower EARNEST L. JACOBSEN
Property Address HIGHWAY 17 S.
City VERNON    County LAMAR    State AL    Zip Code 35692
Legal Description SEE DEEDS ATTACHED
Lender/Client BANK OF VERNON    Address P.O. BOX 360, VERNON, AL 35692
Occupant VACANT, COMM. LOT    Appraiser REASON WALKER    Instructions to Appraiser TO ESTIMATE MARKET VALUE OF SUBJECT
COMMERCIAL LOT

I ESTIMATE THE MARKET VALUE, AS DEFINED, OF SUBJECT PROPERTY AS OF MAY 14    2003    to be $ 38,600.00

REASON WALKER
Appraiser(s)