IN THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI

IN RE JA-CO FOODS, INC.                    NO. 09-16017-DWH
                                                                   CHAPTER 11

## MOTION FOR RELIEF FROM THE
## AUTOMATIC STAY AND FOR OTHER RELIEF

COMES NOW BancorpSouth Bank, by and through its undersigned counsel, and pursuant to 11 U.S.C. §§ 362 and 554, moves the Court for relief from the automatic stay and for other relief. As grounds for the relief requested, BancorpSouth shows as follows:

(1) The Debtor in this case is controlled by Ernie Jacobsen and Donna Jacobsen (jointly and severally, the "Jacobsens"), the Debtors in a related Chapter 11 case in this Court, No. 09-15667-DWH (the "Jacobsen Case"). BancorpSouth has filed in the Jacobsen Case a Motion for Relief from the Automatic Stay and for Other Relief [Dkt #226 in the Jacobsen Case] seeking relief from the stay and abandonment of certain property owned by the Jacobsens against which BancorpSouth holds deeds of trusts and security interests (the "Jacobsen Motion"). The Debtor, Ja-Co Foods, Inc., is not indebted to BancorpSouth and, to the best of BancorpSouth's knowledge, information and belief, the Debtor owns no interest in any of the property which is the subject of the Jacobsen Motion.

(2) The Jacobsens appear to conduct some of their business through the Debtor. It is possible that the Debtor claims some interest in the property which is the subject of the Jacobsen

Motion. Therefore, out of abundance of caution, BancorpSouth brings this motion in this case to the extent that any such interest is claimed by the Debtor, Ja-Co Foods, Inc.

(3) The Jacobsens are indebted to BancorpSouth on fifteen commercial loans having unpaid balances in the aggregate amount of $5,062,994.54 The loans are summarized as follows:

(a) Loan number 2633 ("Loan A") is secured by, among other things, a duly perfected first mortgage lien against a vacant lot located at 710 City Avenue, Ripley, Mississippi, and more particularly described in a deed of trust recorded in Book 313, beginning at page 226, in the land records in the office of the Chancery Clerk of Tippah County, Mississippi (being a renewal and extension of earlier deeds of trust). Said deed of trust additionally covered a Sonic restaurant which was recently sold by the Jacobsens pursuant to an order of the Court [Dkt. #205 in the Jacobsen Case], resulting in a net recovery to BancorpSouth in the amount of $182,029.51. Following the application of such recovery to Loan A, the remaining unpaid balance of Loan A is $437,104.36. The current appraised value of the vacant lot is $120,000.00.

(b) Loan number 7679 ("Loan B") has an unpaid balance as of the date of the commencement of this case in the amount of $489,839.19. Loan B is secured by, among other things, a duly perfected first mortgage lien against real property comprising

2

a Sonic Restaurant, located at 808 South Chestnut, Aberdeen, Mississippi, and more particularly described in a deed of trust recorded as Instrument 2009000606 in the land records in the office of the Chancery Clerk of Monroe County, Mississippi (being a renewal and extension of earlier deeds of trust). The value of the property securing Loan B is, according to The Jacobsens' schedules, $900,000.00

(c) Loan number 5022 ("Loan C") has an unpaid balance as of the date of the commencement of this case in the amount of $417,113.06. Loan C is secured by, among other things, a duly perfected first mortgage lien against real property comprising a Sonic Restaurant, located at 1916-1918 Highway 45 North, Columbus, Mississippi, and more particularly described in a deed of trust recorded in Book 2004, beginning at page 17247 in the land records in the office of the Chancery Clerk of Lowndes County, Mississippi (being a renewal and extension of earlier deeds of trust) and by a duly perfected security interest in the restaurant equipment situated therein. The value of the real property securing Loan C is, according to The Jacobsens' schedules, $780,000.00, and the value of the restaurant equipment securing Loan C is $100,000.00.

(d) Loan number 2446 ("Loan D") has an unpaid balance as of the date of the commencement of this case in the amount of

3

$134,561.60. Loan D is secured by, among other things, a duly perfected first mortgage lien against real property comprising a Sonic Restaurant located at 302 Highway 12 East, Starkville, Mississippi, and more particularly described in a deed of trust recorded in Book 2003, beginning at page 2106 in the land records in the office of the Chancery Clerk of Oktibbeha County, Mississippi. The value of the property securing Loan D is, according to The Jacobsens' schedules, $550,000.00.

(e) Loan number 1348 ("Loan E") has an unpaid balance as of the date of the commencement of this case in the amount of $843,640.62. Loan E is secured by, among other things, a duly perfected first mortgage lien against real property comprising a former Sonic Restaurant located at 100 Riverwalk Court, Canton, Georgia, and more particularly described in a Deed to Secure Debt recorded in Book 6537, beginning at page 278, in the land records in the office of the Cherokee County, Georgia, and by an assignment of an Allamerica Financial life insurance policy on the life of Debtor Ernest Jacobsen in the face amount of $2,000,000.00 and having a present cash surrender value of $69,277.25. Said restaurant property has now been abandoned from the Jacobsen Case bankruptcy estate by operation of a prior order of the Court [Dkt. #172 in the Jacobsen Case]. Said restaurant property is presently in the

process of foreclosure, after which BancorpSouth expects that a substantial balance will remain owing on Loan E.

(f) Loan number 1421 ("Loan F") has an unpaid balance as of the date of the commencement of this case in the amount of $843,645.75. Loan F is secured by, among other things, a duly perfected first mortgage lien against real property comprising a former Sonic Restaurant located at 21 Pace Inlet, Hiram, Georgia, and more particularly described in a Deed to Secure Debt recorded in Book 1488, beginning at page 478, in the land records of Paulding County, Georgia. Said restaurant property has now been abandoned from the Jacobsen Case bankruptcy estate by operation of a prior order of the Court [Dkt. #172 in the Jacobsen Case]. Said restaurant property is presently in the process of foreclosure, after which BancorpSouth expects that a substantial balance will remain owing on Loan F.

(g) Loan number 5218 ("Loan G") has an unpaid balance as of the date of the commencement of this case in the amount of $1,035,332.74. Loan G is secured by, among other things, a duly perfected first mortgage lien against real property comprising a former Sonic Restaurant located at 512 Atlanta Road, Cumming, Georgia, and more particularly described in a Deed to Secure Debt recorded in Book 4298, beginning at page

234, in the land records of Forsyth County, Georgia. Said restaurant property has now been abandoned from the Jacobsen Case bankruptcy estate by operation of a prior order of the Court [Dkt. #172 in the Jacobsen Case]. Said restaurant property is presently in the process of foreclosure, after which BancorpSouth expects that a substantial balance will remain owing on Loan G.

(h) Loan number 1336 ("Loan H") has an unpaid balance as of the date of the commencement of this case in the amount of $43,519.89. Loan H is secured by, among other things, a duly perfected first security interest against certain restaurant equipment removed by the Jacobsens from the Sonic Restaurant in Canton, Georgia, and now stored in the Jacobsens' warehouse in Columbus, Mississippi, and by an assignment of the same life insurance policy which secures Loan E. The value of the equipment securing Loan H is, according to The Jacobsens' schedules, $15,000.00.

(i) Loan number 1344 ("Loan I") has an unpaid balance as of the date of the commencement of this case in the amount of $23,362.83. Loan I is secured by, among other things, a duly perfected first security interest against certain restaurant equipment removed by the Jacobsens from the Sonic Restaurant in Hiram, Georgia, and now stored in the Jacobsens' warehouse

in Columbus, Mississippi. The value of the equipment securing Loan I is, according to the Jacobsens' schedules, $15,000.00.

(j) Loan number 0958 ("Loan J") has an unpaid balance as of the date of the commencement of this case in the amount of $115,797.29. Loan J is secured by, among other things, a duly perfected first mortgage lien against real property comprising a Sonic Restaurant located at 1425 Highway 45 North, West Point, Mississippi, and more particularly described in a deed of trust recorded in Book 292, beginning at page 572, in the land records in the office of the Chancery Clerk of Clay County, Mississippi. The value of the property securing Loan J is, according to the Jacobsens' schedules, $865,000.00.

(k) Loan number 2902 ("Loan K") has an unpaid balance as of the date of the commencement of this case in the amount of $21,393.72. Loan K is secured by, among other things, a duly perfected first security interest against certain playground equipment utilized in connection with the Sonic Restaurant in Aberdeen, Mississippi. The value of the equipment securing Loan K is, according to the Jacobsens' schedules, $25,000.00.

(l) Loan number 7000 ("Loan L") has an unpaid balance as of the date of the commencement of this case in the amount of $100,957.98. Loan L is secured by, among other things, a duly perfected first mortgage lien against real property comprising

7

the Jacobsens' business offices and warehouse located at 111 Maxwell Lane, Columbus, Mississippi, and more particularly described in a deed of trust recorded as instrument number 2004-36699 in the land records in the office of the Chancery Clerk of Lowndes County, Mississippi. The value of the property securing Loan L is, according to the Jacobsens' schedules, $130,000.00.

(m)  Loan number 6990 ("Loan M") has an unpaid balance as of the date of the commencement of this case in the amount of $302,213.19. Loan M is secured by, among other things, a duly perfected first mortgage lien against real property comprising hunting acreage in Noxubee County, Mississippi, and more particularly described in a deed of trust recorded in Book 604, beginning at page 776 in the land records in the office of the Chancery Clerk of Noxubee County, Mississippi. The value of the property securing Loan M is, according to The Jacobsens' schedules, $850,000.00.

(n)  Loan number 6918 ("Loan N") has an unpaid balance as of the date of the commencement of this case in the amount of $502,070.04. Loan N is secured by, among other things, a duly perfected second mortgage lien against the same hunting acreage which secures payment of Loan M, and more particularly described in a deed of trust recorded in Book 607, beginning

at page 016 in the land records in the office of the Chancery Clerk of Noxubee County, Mississippi.

(o)   Credit card account number 2209 ("Loan O") has an unpaid balance as of the date of the commencement of this case in the amount of $7,517.13.

(4)   Copies of the documents evidencing Loans A through O are attached to the Jacobsen Motion as Exhibits A through O, respectively.

(5)   The unpaid balances recited above do not include post-petition interest, late fees, costs and expenses of collection, attorney's fees and the like to the extent permitted by § 506(b).

(6)   The total of the collateral values recited above, excluding the properties mentioned in Paragraph (3)(e), (f) and (g), is $4,419,277.25. After the sales or other liquidation of the properties mentioned in Paragraph (3)(e), (f) and (g), it is anticipated that the total of the remaining debt recited above will be approximately equal to the total collateral values.

(7)   The collateral values recited above are market values. BancorpSouth expects that liquidation values are substantially less.

(8)   Loans A through O are cross-collateralized, such that all of the mortgage liens and security interests described in Paragraph (3) above secure payment of all of Loans A thorough O.

9

(9) If the Debtor owns or claims any interest in any of the properties described in Paragraph (3), such interests are subject to BancorpSouth's liens and security interests. In any event, the Debtor cannot claim any equity in said properties for the benefit of the estate.

(10) The grounds for relief set forth in the Jacobsen Motion are incorporated herein by reference.

(11) BancorpSouth has no equity cushion and its interests are not adequately protected.

(12) The continuation of the automatic stay is prejudicial to BancorpSouth.

(13) Good cause exists for the relief requested.

(14) Other grounds for relief may be assigned at hearing.

WHEREFORE, BancorpSouth Bank requests the Court to (a) confirm that the property identified in Paragraph (3) above is not property of the estate and that the automatic stay in this case does not apply; or, alternatively, (b) if said property or any part thereof is property of the estate, order the abandonment of all of the property identified in Paragraph (3) above, immediately terminate the automatic stay arising under 11 U.S.C. § 362 as to the same and BancorpSouth so that BancorpSouth may resort to its rights therein under applicable nonbankruptcy law and waive the stay arising under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure; or,

alternatively, (c) if said property or any part thereof is property of the estate, condition any continuation of the automatic stay upon the adequate protection of BancorpSouth's interests in the form of periodic cash payments to BancorpSouth and such other terms as are necessary to adequately protect BancorpSouth's interests. BancorpSouth requests such other relief as may be appropriate.

>Respectfully submitted,
>
>BANCORPSOUTH BANK
>
>By and through its attorney:
>
>/s/ Les Alvis
>LES ALVIS
>Bar Number 1548

OF COUNSEL:

RILEY, CALDWELL CORK & ALVIS, P.A.
207 Court Street
Post Office Box 1836
Tupelo, Mississippi 38802-1836
(662) 842-8945

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2010, I electronically filed the foregoing MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND FOR OTHER RELIEF with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

**Larry G. Ball** lball@hallestill.com
**Jeffrey R. Barber** jbarber@watkinsludlam.com, jdurr@watkinsludlam.com
**Heather S. Deaton** hdeaton@mstc.state.ms.us

**Craig M. Geno** cmgeno@harrisgeno.com,
adavis@harrisgeno.com;bpritchard@harrisgeno.com;htrammell@harrisgeno.com;mvardaman@harrisgeno.com;aarnold@harrisgeno.com
**Justin B. Little** jlittle@rrdlaw.com
**Paul A. Matthews** paulmatthews@bhammlaw.com
**James J. McNamara** jim.mcnamara@arlaw.com,
betty.jeffcoats@arlaw.com;henry.shelton@arlaw.com;carol.hall@arlaw.com
**Sammye S. Tharp** Sammye.S.Tharp@usdoj.gov
**U. S. Trustee** USTPRegion05.AB.ECF@usdoj.gov
**Melanie T. Vardaman** mvardaman@harrisgeno.com,
adavis@harrisgeno.com;bpritchard@harrisgeno.com;htrammell@harrisgeno.com
**Marcus M. Wilson** mwilson@blswlaw.com
**Charles E. Winfield** cwinfield@perrywinfield.com,
jgraves@perrywinfield.com;lwatson@perrywinfield.com


Additionally, on the date set forth below, I caused the within and foregoing MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND FOR OTHER RELIEF to be served upon the following by first class mail, postage prepaid:

**G.E. Capital**
8377 E. Hartford Dr., Ste.200
Scottsdale, AZ 85255

**IRS**
Att: Special Procedures Staff
100 W. Capitol St.
Room 504
Jackson, MS 39269

**tw telecom inc.**
10475 Park Meadows Dr. No. 400
Littleton, CO 80124

/s/ Les Alvis
LES ALVIS
Bar Number 1548