IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

IN RE:
JA-CO FOODS, INC.                                                                    CHAPTER 11
Debtor                                                                                CASE NO. 09-16017-DWH

## MOTION FOR AUTHORITY TO ASSUME UNEXPIRED LEASE

COMES NOW Ja-Co Foods (the "Debtor") and files this its Motion for Authority to Assume Unexpired Lease (the "Motion"), and in support thereof, would show unto the Court the following, to-wit:

1. On November 16, 2009, the Debtor filed its Voluntary Petition for reorganization with this Court under Chapter 11 of the Bankruptcy Code.

2. The Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. §157(b)(2)(A) and (O), and this motion is made pursuant to §365 of the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, and Fed.R.Bankr.P. 9014.

3. The Debtor is the lessee under a certain unexpired lease of non-residential real property for a Sonic store located in Starkville, Mississippi (the "Lease").

4. The Lease is of significant importance to the Debtor, its estate and other affiliated entities of the Debtor.

5. The Debtor has made the decision to assume the unexpired lease of non-residential real property involving a Sonic store in Starkville, Mississippi.

6. With respect to the lease of the Sonic store, the Debtor proposes to cure any existing monetary defaults in connection therewith by adding the defaulted monthly lease payments to the end of the existing lease obligations.

7. Non-economic and non-monetary defaults in connection with the lease of the Sonic store shall be cured on or before the effective date of the Plan to be filed herein.

8. The Debtor has provided, and will continue to provide, adequate assurance of prompt cure of all defaults.

9. The Debtor has provided, and will provide, adequate assurance of future performance in connection with the unexpired lease of non-residential real property as required by the lessors thereof or as directed by the Court.

10. Assumption of the lease involved herein is in the best interest of the Debtor, all creditors and all parties in interest. The Starkville, Mississippi Sonic store is a significant asset and very important for the continued operations of the Debtor's enterprise along with the operations of Debtor's affiliated entities.

11. Other grounds to be assigned upon a hearing hereof.

WHEREFORE, PREMISES CONSIDERED, Debtor respectfully prays that upon a hearing hereof this Honorable Court will enter its order granting the Motion. The Debtor prays for general relief.

THIS, this 14th day of June, 2010.

          Respectfully submitted,

          JA-CO FOODS, INC.

          By Its Attorneys
          HARRIS JERNIGAN & GENO, PLLC

          By _____
               Craig M. Geno

OF COUNSEL:

Craig M. Geno, Esq. -  MSB No. 4793
Jeffrey K. Tyree, Esq. -  MSB No. 9049
Melanie T. Vardaman, Esq. -  MSB No. 100392
HARRIS JERNIGAN & GENO, PLLC
587 Highland Colony Parkway (39157)
Post Office Box 3380
Ridgeland, MS 39158-3380
601-427-0048 - Telephone
601-427-0050 - Facsimile

F:\Users\Bankrupt\Ja-Co - Jacobsens\Ja-Co\Pleadings\Leases\Motion to Assume Unexpired Leases.wpd

## CERTIFICATE OF SERVICE

I, Craig M. Geno, do hereby certify that I have caused to be served this date, via Notice of Electronic Filing, a true and correct copy of the above and foregoing to the following:

Sammye S. Tharp, Esq.
Office of the United States Trustee
Sammye.S.Tharp@usdoj.gov

THIS, this ____ day of June, 2010.

_____
Craig M. Geno