IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

IN RE:
JA-CO FOODS, INC.                                                         CHAPTER 11
Debtor                                                                            CASE NO. 09-16017-DWH

ANSWER AND RESPONSE TO MOTION
FOR RELIEF FROM THE AUTOMATIC STAY AND
FOR OTHER RELIEF FILED BY BANCORPSOUTH BANK

COMES NOW Ja-Co Foods, Inc. (the "Debtor"), and files this its Answer and Response to the Motion for Relief from the Automatic Stay and for Other Relief [DK #137] (the "Motion") filed herein by BancorpSouth Bank ("BancorpSouth"), and answering the allegations of the Motion paragraph-by-paragraph, answers and alleges as follows, to-wit

1. Admitted.

2. Denied.

3. The Debtor admits that the documents and loans mentioned in paragraph 3 speak for themselves. The remaining allegations, inferences and conclusions contained in paragraph 3 of the Motion are denied.

4. Admitted.

5. Admitted.

6. The Debtors admit that the mathematical computations of adding all of BancorpSouth's alleged collateral values together equal the sum mentioned in paragraph 4. The Debtors deny that those are actual values. The remaining allegations, inferences and conclusions contained in paragraph 6 of the Motion are denied.

7. Admitted. Actual experience in this case, with respect to the Sonic properties that have been sold, indicate that liquidation value is far less than fair market or going concern value.

8. The allegations, inferences and conclusions contained in paragraph 8 of the Motion are denied.

9. The allegations, inferences and conclusions contained in paragraph 9 of the Motion are denied.

10. The allegations, inferences and conclusions contained in paragraph 10 of the Motion are denied.

11. The allegations, inferences and conclusions contained in paragraph 11 of the Motion are denied. However, if BancorpSouth is ultimately correct in that it has no equity cushion, then interest has stopped accruing on the secured portion of its debt, and it is not entitled to other costs, fees or expenses as a secured claim herein.

12. The allegations, inferences and conclusions contained in paragraph 12 of the Motion are denied.

13. The allegations, inferences and conclusions contained in paragraph 13 of the Motion are denied.

14. The allegations, inferences and conclusions contained in paragraph 14 of the Motion are denied.

## Last Unnumbered Paragraph

The Debtor denies that Movant is entitled to the relief demanded within the last unnumbered paragraph of the Motion, or to any other relief in the premises.

## AFFIRMATIVE DEFENSES

A.   Simply maintaining the collateral that serves to secure the alleged debts of BancorpSouth and that collateral's going concern value is adequate protection, and compensation, to BancorpSouth. As previously noted, if the liquidation values of the properties that were sold in this case and in the Jacobsens' case (No. 09-15667) are any indication, the best solution for BancorpSouth, and the other creditors in this case, is to allow the Debtor to remain in possession and to continue to operate its properties.

B.   The Debtor would respectfully show and allege unto the Court that its contribution to the continued payments to BancorpSouth, for the Georgia properties, pre-petition, drained the Debtor of needed cash that probably should have been used in the Debtor's operations. In the event BancorpSouth ultimately becomes an unsecured or undersecured creditor, those payments may very well be preferential transfers.

C.   Subsequent to the filing of the Petition herein, the Debtor continued to operate, either directly or indirectly (through Ernie Lee Jacobsen and Donna Jean Jacobsen), certain properties that have now been sold after notice and a hearing. Those properties constituted a drain in this case, and in the Jacobsens' case, upon the Debtor's cash. During the sale process, the Debtor in this case and in the Jacobsens' case (and their counsel) were forced to dedicate valuable and substantial time in the liquidation and sale not only of those properties, but also of the sale of the BancorpSouth collateral in Georgia (that ultimately did not close), that took time away from operations.

D.   At the time of the filing of the Petition, in addition to the challenges and problems outlined above, the Debtor was also suffering from a decreased volume of sales in light of the depressed state of the economy. Shortly after the filing of the Petition herein, the winter months, and

the perennial loss of revenue during those months, served to decrease the Debtor's sales and profitability as well.

E. In order for the Debtor to successfully maneuver through this Chapter 11 case, it has been necessary for it to conserve and accumulate as much as cash as possible in order to pay overhead, and now, in order to service the secured claims of not only BancorpSouth but the Debtor's other creditors. But for the Debtor's ability to accumulate cash during this time frame, the Debtor's past ability to liquidate assets, the Debtor's future ability to liquidate assets under the protection of Chapter11 and Debtor's ultimate exit strategy would have evaporated shortly after the filing of the Petition, with the ultimate loss, to all creditors, of substantial value. Thus, it has been incumbent upon the Debtor, in the exercise of its business judgment, to accumulate as much cash as possible, and defer paying secured claims, at least initially.

F. The Debtor is willing to begin reasonable debt service of the BancorpSouth claims.

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully prays that upon a hearing hereof, this Honorable Court will enter its order denying the Motion. The Debtor prays for general relief.

THIS, the 22nd day of June, 2010.

Respectfully submitted,

JA-CO FOODS, INC.

By Its Attorneys

HARRIS JERNIGAN & GENO, PLLC

By _____
Craig M. Geno

OF COUNSEL:

Craig M. Geno, Esq. (MSB# 4793)
Jeffrey K. Tyree, Esq. (MSB# 9049)
Melanie T. Vardaman, Esq. (MSB# 100392)
HARRIS JERNIGAN & GENO, PLLC
587 Highland Colony Parkway (39157)
Post Office Box 3380
Ridgeland, MS 39158-3380
601-427-0048 - Telephone
601-427-0050 - Facsimile

F:\Users\Bankrupt\Ja-Co - Jacobsens\Ja-Co\Pleadings\Answer - BancorpSouth Motion for Relief.wpd

## CERTIFICATE OF SERVICE

I, Craig M. Geno, do hereby certify that I have caused to be served this date, via Notice of Electronic Filing, a true and correct copy of the above and foregoing instrument to the following:

Sammye S. Tharp, Esq.
Office of the United States Trustee
Sammye.S.Tharp@usdoj.gov

Les Alvis, III, Esq.
lalvis@tsixroads.com

THIS, the 22nd day of June, 2010.

_____
Craig M. Geno

-5-