IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

IN RE:     JA-CO FOODS, INC.,             CASE NO. 09-16017-DWH

DEBTOR                                CHAPTER 11

**AGREED ORDER GRANTING ADEQUATE PROTECTION
TO BANKFIRST FINANCIAL SERVICES**

BankFirst Financial Services ("BankFirst") filed its Motion for Relief from Automatic Stay, in the Alternative, for Adequate Protection, for Abandonment, and Other Relief (the "Motion")(Docket #132) as to collateral securing its claims on May 28, 2010. The Motion and notice of hearing thereon were served upon all creditors and parties in interest. Ja-Co Foods, Inc. (the "Debtor") filed its Answer and Response to the Motion (Docket 143) on June 17, 2010. There were no other responses or objections to the Motion filed by any party. In the Motion, BankFirst requested adequate protection payments equal to the payments otherwise called for pursuant to the promissory note securing the debt to BankFirst, in the amount of $4,593.23 per month. The Court having been advised that the parties have reached an agreement with respect to the Motion, is of the opinion that the agreement should be memorialized in this Agreed Order. It is accordingly,

ORDERED, that the Debtor is to pay the BankFirst interim adequate protection payments in the amount of Four Hundred & 00 / 100 Dollars ($400.00) per month, which payments will be applied as per the terms of the promissory note held by BankFirst. It is, further,

ORDERED, that the first adequate protection payment shall be paid by the Debtor to BankFirst on or before August 15, 2010 and on or before the 15th day of each month

thereafter until further Order or the Court, the confirmation of a plan, dismissal or conversion to Chapter 7. It is, further,

ORDERED, that the Debtor shall maintain comprehensive insurance on the personal property securing the claims of BankFirst and designating BankFirst as loss payee with a deductible of no greater than One Thousand Dollars ($1,000.00). It is, further,

ORDERED, that if the Debtor permits any insurance described in this Agreed Order to be canceled or fails to remit any required direct payment under the terms of this Agreed Order on the date when due, then BankFirst shall provide written notice to Debtor and the Debtor's counsel of such default in payment and/or cancellation of insurance, and, if the Debtor does not cure such default within ten (10) days of the date of mailing of said notice, then relief from the automatic stay shall be automatically granted to BankFirst pursuant to §362 of the Bankruptcy Code without further Order of this Court, and BankFirst shall be authorized to proceed with repossession of the same under the terms of the security agreement securing BankFirst's collateral and may thereafter file a claim for the deficiency, if any, which may thereafter remain. It is, further,

ORDERED, that this Court shall retain jurisdiction over this matter and BankFirst shall be entitled to file an additional Motion for Relief from Stay subsequent to the entry of this Order for cause. It is, further

ORDERED, that this is a final order and is not subject to Rule 4001(a)(3) of the Rules of Bankruptcy Procedure.

SO ORDERED, this the 2nd day of August, 2010.

Hon. David W. Houston, III
United States Bankruptcy Judge
Northern District of Mississippi

**Approved and Agreed:**

Charles E. Winfield (MB #10588)
Counsel for BankFirst Financial Services

Melanie T. Vardaman (MB #100392), by CEW w/ permission
Counsel for the Debtor

22314.DOC                                        3